Argued December 22, 1978, reversed February 20, Sup Ct review
dismissed June 7, 1979, 286 Or 521

CARDWELL, *Petitioner,*
*v.*
PSYCHIATRIC SECURITY REVIEW BOARD,
*Respondent.*
(No. 78-42, CA 11612)

590 P2d 787

Raymond M. Ramsay, Attorney, Salem, argued the cause for appellant. With him on the brief was Ramsay, Stein and Feibelman, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Petitioner appeals from an order of the Psychiatric Security Review Board ("PSRB" or "the Board") revoking his conditional release and ordering him committed to the Oregon State Hospital.

Since this case presents this court with its first opportunity to review a PSRB order, we set out an overview of the nature, powers, and duties of that board. The PSRB is a state agency created by Oregon Laws 1977, ch 380, § 8 (codified as ORS 161.385) for the purpose of determining the proper disposition of persons who have been tried for a crime and found not responsible by reason of mental disease or defect. The Board is composed of five members appointed by the governor, subject to Senate confirmation. ORS 161.385(1).

### PSRB Jurisdiction

Under ORS 161.336(1), when a criminal defendant is found not responsible due to mental disease or defect, ORS 161.319, and the court finds by a preponderance of the evidence that the person is affected by a mental disease or defect and presents a substantial danger to himself or others requiring that he be committed to a state mental hospital or conditionally released, the court must order him placed under PSRB jurisdiction for care and treatment. That jurisdiction lasts for the period of the maximum sentence the person could have received had he been found responsible.

The Board must hold a hearing within 20 days after it assumes jurisdiction to determine whether the person should be committed or conditionally released. The Board may order conditional release if it finds that the person presents a substantial danger to himself or others but that he can be adequately controlled with supervision and treatment on conditional release, and that such supervision and treatment are available. ORS 161.336 (2). The Board has

[ 567 ]

power to set terms of conditional release, "as are in the best interests of justice, the protection of society and the welfare of the person," ORS 161.336(2). The Board may also require as a condition of release that the person report to any state or local mental health facility for evaluation, and cooperate with and accept any treatment recommended by the facility. ORS 161.336(5).

After the initial decision for commitment or conditional release, a person may come back before the Board. Under ORS 161.336(6), if a person violates the terms of his conditional release or it appears to the Board or its chairman that the person's mental condition has changed, the board or its chairman may order the person's return to a state mental hospital for evaluation or treatment. The Board must conduct a hearing within 20 days of the revocation of conditional release. A person in custody after revocation of conditional release has substantial rights at the hearing. ORS 161.346(4) and (5).

After a hearing, the Board has two options: it may order the continuation of conditional release, or it may order commitment to a state mental hospital if it finds that the person is affected by mental disease or defect, presents a substantial danger to himself or others, and cannot be adequately controlled on conditional release. The state must prove the above elements by a preponderance of the evidence.

A person on conditional release may also be taken into custody and transported to a state mental hospital by or on the request of a community mental health program director, the director of a treating facility, any police officer, or any person responsible for supervision of the person if one of these authorized persons has reason to believe the person "is a substantial danger to himself or others because of mental disease or defect and that the person is in need of immediate care, custody, or treatment." ORS 161.336(7).

The Board also conducts hearings under certain other circumstances:

(1) Any person subject to conditional release may apply for discharge from or modification of conditional release on the grounds that he is no longer affected by a mental disease or defect or, if still so affected, no longer presents a substantial danger to himself or others and no longer requires supervision, treatment, medication, or care. The applicant has the burden of proof by a preponderance of the evidence in such a proceeding. ORS 161.336(8)(a).

(2) Where a person is committed to a state mental hospital, that person or another person acting on his behalf may, after six months from the date of commitment, apply to the Board for discharge or conditional release on the grounds that: (a) he is no longer affected by mental disease or defect; or (b) if still so affected, he no longer presents a substantial danger to himself or others; or (c) if still so affected and still presenting such a danger, he may be adequately controlled on conditional release with proper care and treatment. ORS 161.341(4). The applicant must prove these elements by a preponderance of the evidence. Such applications may not be filed more often than every six months.

In addition to the above safeguards, the statutory scheme further provides that no person may be held for more than two years without a hearing to determine whether the person should be discharged or conditionally released. ORS 161.341(6). Where a person is committed to a state mental hospital, the superintendent may at any time apply to the Board for the person's discharge or conditional release if he believes that the person is no longer affected by a mental disease or defect, or, if still so affected, no longer presents a substantial danger to himself or others; or, if continuing to pose such a danger, may be controlled with proper supervision, treatment, medication, or care on conditional release. ORS 161.341(2). The conduct of such a hearing is outlined in ORS 161.346.

Finally, if a person has been placed under the Board's jurisdiction for at least 10 years, he shall be brought before the Board for hearing within 30 days of the expiration of that period. The Board shall review whether the person should be discharged. ORS 161.351(3). Where the person has been committed to a state mental hospital, the superintendent shall make one of the following recommendations to the Board:

(1) discharge, on the ground that the person is still affected by a mental disease or defect but is no longer a substantial danger to himself or others;

(2) discharge, on the grounds the person is not affected by a mental disease or defect; or

(3) continued commitment, on the grounds that the person is affected by mental disease or defect and presents a danger to himself or others. ORS 161.351(5).

Either the state or the affected person may challenge the superintendent's recommendation. The challenging party has the burden of proof on the requisite elements by a preponderance of the evidence. ORS 161.351(6), (7). If the superintendent recommends continued commitment, he shall request the instigation of civil commitment proceedings under ORS ch 426.

*Facts of the Present Case*

Petitioner in the present case was returned from conditional release to a state mental hospital after an unknown caller told the police that petitioner had threatened suicide, and a hold was placed on him. *See* ORS 426.180. After the subsequent hearing, the Board's findings and order stated, *inter alia,* that,
"* * * * *

"5. That John Cardwell's mental disease or defect is, at the present time, not in a state of remission. This finding was supported by the testimony of John Cardwell, as well as his demeanor before the Board, by the testimony of Mr. Cardwell's treating physician, Dr. Harry Cloyd, M.D., as well as testimony concerning the

surrounding circumstances of the incident which precipitated Mr. Cardwell's being returned to the Oregon State Hospital.

"The Board concludes as a matter of law that based upon the above and by a preponderance of the evidence:

"1. That John Cardwell presents a substantial danger to himself or others;

"2. That John Cardwell cannot be adequately controlled or supervised if conditionally released into the community at this time;

"3. That necessary supervision and treatment is not available to him at the present time;

"4. That release at the present time would not be in the best interests of justice, the protection of society, as well as the welfare of John Cardwell."

The Board ordered the petitioner committed to the Oregon State Hospital. Petitioner appeals pursuant to ORS 161.385(9)(a) and (b),[1] assigning as error (1) the finding that he presents a substantial danger to himself or others; (2) the finding that he cannot be adequately controlled or supervised on conditional release; and (3) the Board's refusal to discharge him from commitment and conditional release. The proceeding under review is a contested case governed by ORS ch 183 insofar it is not inconsistent with the specific provisions of the Board's enabling statutes. Our scope of review is governed by ORS 183.482(8)-(a)(d). ORS 161.385(9)(c).

Respondent concedes that the only evidence that petitioner presents a danger to himself or others is the anonymous phone report received by the police that

---

[1] ORS 161.385(9)(a) and (b) provide:

"(a) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board, the person is entitled to judicial review of the final order. The person shall be entitled to counsel, and, if indigent, counsel shall be provided.

"(b) The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. The board shall submit to the court the record of the proceeding or, if the person agrees, a shortened record. A copy of the record transmitted shall be delivered to the person by the board."

petitioner threatened suicide. Testimony at the hearing was contrary to the anonymous report. Dr. Cloyd, petitioner's treating physician, testified as follows:

"[Counsel]: Okay. So to date we have something that came down in a report which says that John Cardwell threatened suicide, but there is no information to back it up. Is that correct?

"Dr. Cloyd: The information is based on a verbal report, as I understand it. I wasn't . . . . I didn't take the report myself.

"[Counsel]: Since Mr. Cardwell has been here under your care, has he evidenced any tendencies toward suicide?

"Dr. Cloyd: No.

"[Counsel]: Have you found anything which would in any way substantiate the report that was made concerning suicide?

"Dr. Cloyd: No, I haven't."

Lacking evidence on which to base an opinion, Dr. Cloyd refused to say whether he thought the report was bogus. Petitioner testified he did not threaten suicide. Petitioner's woman friend testified that she had known petitioner for two years, that the petitioner was a gentle person and that she had never observed him in a situation where he could be considered dangerous to others, and that she was not aware of any time that the petitioner had threatened suicide.

The Board's conclusory statement, "That John Cardwell presents a substantial danger to himself or others," does not inform us of the underlying facts upon which it based this finding. *See* ORS 183.470. There are no facts to which it could have pointed. In light of the complete lack of indicia of reliability of the anonymous phone report of petitioner's suicide threat, and the unchallenged testimony of Dr. Cloyd and petitioner's friend, there is no substantial evidence to support the Board's finding that petitioner presents a substantial danger to himself or others.

■ Respondent argues that the statutory language, "The state must prove by a preponderance of the evidence the person's unfitness for conditional release," ORS 161.336(6), supports the Board's order of commitment, even in the absence of a finding of dangerousness. Under respondent's argument, the phrase "unfitness for conditional release" may not be simply a reformulation of the statutory criteria for commitment and therefore redundant; rather, that phrase must have independent legal significance. The suggested significance is that a person is unfit for conditional release when he violates the terms of his conditional release. There is ample evidence in the record from which the Board could make such a finding. The Board, however, did not do so. We hold that the legislature did not intend "unfitness for conditional release" to be an independent criterion for commitment in the absence of dangerousness. Similar phrases appear twice in other provisions governing Board hearings. Under ORS 161.336(8)(a), where a person on conditional release applies for discharge from or modification of the terms of conditional release, "The applicant must prove by a preponderance of the evidence his fitness for discharge or modification of the order of conditional release." Similarly, under ORS 161.341(5), where a person committed to a state mental hospital applies for discharge or conditional release, "The applicant must prove by a preponderance of the evidence his fitness for discharge under the standards of [ORS 161.341(4)]." The common thread running through these provisions is that in each case, (1) specific criteria for discharge, modification, or conditional release have been previously set forth in the same or a preceding subsection, and (2) in each case the phrase provides which party has the burden of proof.

■ Petitioner, relying on ORS 161.346(1)(a), argues that the Board erred in not discharging him from commitment and conditional release. That statute provides:

"(1) The board shall conduct a hearing upon any application for discharge, conditional release, commitment or modification filed pursuant to ORS 161.336 or 161.341:

"(a) If the board finds that the person is no longer affected by mental disease or defect, or, if so affected, that he no longer presents a substantial danger to himself or others, the board shall order him discharged from commitment or from conditional release."

The difficulty with petitioner's argument is that he has not applied for discharge, as required by ORS 161.346(1). Under ORS 161.336(6), pursuant to which the proceedings below were held, the Board's only options are to order conditional release or commitment. If petitioner desires modification of or discharge from conditional release, he should apply under the appropriate statutory procedures.

Because of our disposition of this case we do not reach petitioner's remaining assignment of error.

Reversed.