Argued May 30, affirmed October 1, 1979

# VALLEUR,
*Appellant,*
*v.*
# McGEE,
*Respondent.*

## (No. 108,839, CA 12820)

600 P2d 914

Janice Krem, Salem, argued the cause for appellant. With her on the brief was Mills & McMillin, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

THORNTON, J.

## THORNTON, J.

Petitioner was indicted on three counts of first degree arson and one count of first degree burglary and subsequently found not guilty by reason of mental disease or defect. He was committed to the care of the Oregon State Hospital pursuant to ORS 161.340(1).[1] The statute in effect at the time of his commitment, ORS 161.350(2), provided for court review of the commitment after five years and required the superintendent of the hospital to notify the circuit court 30 days before the expiration of the term. No such notice was given.[2]

On January 1, 1978, pursuant to Oregon Laws 1977, ch 380, § 22, jurisdiction over petitioner's case was transferred from the circuit court to the Psychiatric Security Review Board (the Board). The duties of the Board roughly parallel those of the circuit courts under prior law.[3]

On October 7, 1978, petitioner filed his petition for a writ of *habeas corpus* seeking immediate release on the ground that the Board failed to comply with the mandatory hearing requirement and thereby lost its jurisdiction over petitioner. ORS 161.350(1). Respondent argues (1) that the old law was superseded in 1977; (2) that the new law gives the Board two years to hold a hearing (ORS 161.341(6)); (3) that the Board has jurisdiction over petitioner for a period equal to the maximum sentence for the crimes charged (*i.e.,* 20 years—ORS 161.605(1), ORS 161.336(1)); (4) that petitioner has the burden of requesting a hearing (ORS 161.341(4)); and (5) that, if a hearing was required

---

[1] The record does not disclose how petitioner came to be in the custody of the Fairview Hospital and Training Center after having been committed to the State Hospital.

[2] In September, 1978, a chapter 427 (civil) commitment proceeding was brought and petitioner was found not to be mentally deficient within the meaning of ORS 427.059(1).

[3] The provisions of this act are summarized in our opinion in *Cardwell v. Psychiatric Security Rev. Bd.,* 38 Or App 565, 590 P2d 787 (1979).

under prior law, the proper remedy is a writ of mandamus.

The circuit court denied the petition on the ground that the new law gave the Board two years to hold a hearing, although petitioner was entitled to demand a hearing. For different reasons, we affirm.

Neither the old nor the new statute is ambiguous in mandating a hearing initiated by the superintendent of the hospital. This evidences a legislative assumption that some persons confined in state facilities may subsequently qualify for supervised release or discharge but not be aware of their right to request a hearing. Under prior ORS 161.350(1), any person was entitled to be discharged after five years if she or he no longer suffered from a mental disease or defect or no longer posed a danger to self or others. The state superintendent was required to initiate such proceedings. ORS 161.350(2).[4] The new statute contains even stronger language:

> "In no case shall a person be held pursuant to this section for a period of time exceeding two years without a hearing before the board to determine whether the person should be conditionally released or discharged." ORS 161.341(6).

Respondent contends that the new law applies and requires no hearing until January, 1980. This construction of the statute would postpone mandatory review of petitioner's status, and, consequently, extend his confinement, from five to nearly seven years. This is inconsistent with the legislative intent to guarantee periodic hearings.

■ Absent statutory guidelines covering the transition period, we believe the sounder construction is that all

---

[4] ORS 161.350(2) read:

"If the person is in confinement in the Oregon State Hospital at the time the total five-year period expires, the superintendent shall notify the committing court of the expiration of the five-year period. Such notice shall be given at least 30 days prior to the expiration of the five-year period. Upon receipt of notice the court shall order a hearing."

persons committed under the prior law are entitled to a hearing by January, 1980, unless, as in the present case, the prior five year period expires before that date. We hold that petitioner was entitled to a state-initiated hearing as of February 21, 1978, five years following his commitment.

■ Determining the proper remedy presents a more difficult question. The statute provides no remedy for failure to afford a hearing. As a preliminary matter, we reject petitioner's argument that jurisdiction lapses and requires release. Under the old statute, theoretically, jurisdiction continued for as long as a person continued to suffer from a mental disease or defect. *See* 39 Op Att'y Gen 552 (No. 7722, filed Feb. 26, 1979).The new statute reduces the maximum period of jurisdiction to the maximum sentence for which a defendant could have been convicted. ORS 161.336(1). Under either statute, jurisdiction continues whether or not a defendant is subsequently released, conditionally or altogether. Consequently, the holding of a hearing is not a condition precedent to the Board's jurisdiction but only to the Board's power to confine a defendant.

ORS 161.350(1) stated in relevant part:

> "Any person * * * in the custody of the Superintendent of the Oregon State Hospital * * * for a total period of five years shall, in any event, be discharged at the end of the five-year period if he is no longer affected by mental disease or defect. He shall also be discharged if he is affected by mental disease or defect but he does not present a substantial danger to himself or to the person of others."

The question is whether failure to hold a hearing entitles petitioner to be discharged.

■■ In addition to the mandatory hearing provisions which protect the rights of persons confined in state hospitals, there is a competing policy, implicit in ORS 161.350, to protect the public from the release of persons who are still affected by a mental disease and

[395]

may present a danger to the public. *Newton v. Brooks,* 246 Or 484, 489-90, 426 P2d 446 (1967). The mechanism for determining suitability for release is the hearing. Admittedly, the Board failed to carry out its statutory obligation, but the proper remedy to compel performance of such an obligation is by writ of mandamus. ORS 34.110.

Affirmed.