Argued and submitted September 2, decision of Court of Appeals reversed, decision of Employment Appeals Board reversed, case remanded to EAB with instructions November 12, 1986

# HYDE,
*Petitioner on Review,*

*v.*

# EMPLOYMENT DIVISION et al,
*Respondents on Review.*

## (No. 85-AB-418; CA A35551; SC S32870)

728 P2d 19

David S. Tilton, Oregon Legal Services Corp., Coos Bay, argued the cause and filed the brief for petitioner on review.

No appearance contra.

LENT, J.

## LENT, J.

This case involves issues of law similar to those in *Dennis v. Employment Division,* 302 Or 160, 728 P2d 12 (1986).

The claimant, petitioner Hyde, received unemployment benefits for several weeks during 1983. For five of those weeks, he failed to report earnings totaling $855.64. This failure resulted in a benefits overpayment of $525.00. Because the Employment Division concluded that the claimant had "wilfully" failed to report these earnings, the Employment Division disqualified him for unemployment benefits for a period of 26 weeks pursuant to ORS 657.215.[1]

The claimant admitted that he had failed to report earnings, but he denied that he had wilfully failed to do so. A hearing was held before an Employment Division referee, at which the claimant was unrepresented by an attorney or a person experienced or trained in representing unemployment compensation claimants.[2] The referee found that the "[c]laimant was experiencing a lot of personal and health problems in his family" during the time that he failed to report earnings, and that the "[c]laimant does not recall why he did not list his earnings correctly." Nevertheless, the referee affirmed the claimant's 26-week disqualification, concluding that the claimant had wilfully withheld material facts in order to obtain benefits. The Employment Appeals Board affirmed and adopted the referee's decision. On judicial review, the

---

[1] ORS 657.215 provides, in relevant part:

"An individual is disqualified for benefits for a period not to exceed 26 weeks whenever the assistant director finds that the individual has wilfully made a false statement or misrepresentation, or wilfully failed to report a material fact to obtain any benefits under this chapter. * * *"

[2] ORS 657.270(5), which was enacted following the claimant's hearing, Or Laws 1985, ch 404, § 1, provides:

"Where the claimant or the employer is unrepresented at the hearing, the referee shall explain the issues involved in the hearing and the matters which the unrepresented claimant or the employer must either prove or disprove. The referee shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the referee in the case. As used in this section, a claimant or employer is 'unrepresented' if not represented by an attorney, paralegal worker, legal assistant, union representative or person otherwise qualified by experience or training."

Court of Appeals affirmed without opinion. *Hyde v. Employment Division,* 78 Or App 669, 716 P2d 780 (1986).

■ We allowed the claimant's petition for review, in which the claimant contended that (1) the referee failed to inquire fully into the matters at issue, (2) the record was "devoid of any evidence that Mr. Hyde wilfully or intentionally misrepresented his earnings to collect unemployment benefits," and (3) the referee failed to make an explicit finding on the claimant's credibility. Because we agree with the claimant's first contention, we need not decide the second and third.[3]

In *Dennis v. Employment Division, supra,* we held that OAR 471-40-025(1) requires the referee to inquire fully into the matters at issue.[4] We stated that

"a duty to inquire fully into the matters at issue is simply a requirement that relevant evidence does not go unpresented because of the ignorance or inexperience of a party. The necessary inquiry should be apparent from the nature of the proceedings and the evidence adduced. The referee is not required to cast aimlessly for evidence."

302 Or at 166.

The only disputed issue at the hearing was whether the claimant's failure to report his earnings was "wilful." As an explanation for the failure, the claimant testified that he had "a lot of problems with [his] memory in the last year or two." His testimony indicated that his memory lapses may

---

[3] Were the record complete, the claimant's second assignment of error would be meritless. There was abundant circumstantial evidence upon which the referee could have concluded that the claimant wilfully failed to report his earnings. Nevertheless, because the referee did not make a full inquiry into the matters at issue, an opinion on the sufficiency of the evidence would not be appropriate.

With respect to the third assignment of error, we held in *Dennis v. Employment Division,* 302 Or 160, 170, 728 P2d 12 (1986), that credibility findings serve only as explanations in support of findings of basic facts or in support of the rationality of inferences drawn from those facts. A referee need explain credibility findings only when a reviewing court would not otherwise be able to find support in the record for the referee's decision. Again, because the referee did not make a full inquiry into the matters at issue, we express no opinion on whether such an explanation would have been necessary in this case.

[4] OAR 471-40-025(1) provides:

"The purpose of the hearing is to inquire fully into the matters at issue and to make a decision on the basis of the evidence adduced at the hearing."

have been due to stress from personal problems, including the illnesses of his wife and child. He also suggested, in a written statement to an Employment Division investigator, which was admitted as an exhibit, that his memory loss may have been caused by aftereffects of exposure to the defoliant "Agent Orange" in Vietnam. He stated that he had undergone tests for these aftereffects at a veterans' administration hospital.

Whether the claimant experienced significant lapses in memory would have been highly relevant to whether his failure to report earnings had been wilful. Indeed, the resolution of the case depended on whether the referee believed the claimant's explanation. The need to ask the claimant for details that would support or contradict his explanation should have been readily apparent to the referee. As in *Dennis,* however, the referee failed to seek out these details. The referee did not ask the claimant whether he had had other significant memory lapses, whether and in what respect others had complained about his lapses of memory, whether he had sought professional help for his memory lapses, why the "Agent Orange" tests were initiated, or what the results of those tests were.

In the absence of these or similar questions,[5] the hearing fell short of a full inquiry "into the matters at issue." Referees cannot fulfill this duty of inquiry by simply offering parties an opportunity to explain their positions. When explanations are provided, referees must seek from those offering explanation both supporting and contradictory details. A referee does not, however, have any duty to seek out evidence from sources not present at the hearing, although a referee is not foreclosed from doing so. Because the referee in this case did not seek supporting or contradictory details of the explanations offered, we must remand for the taking of additional evidence.

The decision of the Court of Appeals is reversed; the decision of the Employment Appeals Board is reversed; the case is remanded to the Employment Appeals Board with instructions to remand to an Employment Division referee for

---

[5] We do not intend to suggest that the referee was required to ask these specific questions. We hold only that the referee was required to seek out specific details regarding the claimant's explanation. The questions are merely illustrative of the inquiry required.

the taking of additional evidence in accordance with this opinion.