Sally K. CANSINO,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Meier & Frank,
*Respondents.*

(92-AB-1160; CA A76169)

869 P2d 882

Sandra A. Hansberger argued the cause and filed the brief
for petitioner.

Virginia L. Linder, Solicitor General, waived appearance for respondent Employment Division.

No appearance for respondent Meier & Frank.

Before Deits, Presiding Judge, and Richardson, Chief Judge,* and Riggs, Judge.

DEITS, P. J.

---

* Richardson, C. J., *vice* Durham, J.

## DEITS, P. J.

Claimant seeks review of an order of the Employment Appeals Board (EAB) denying her unemployment compensation benefits. EAB concluded that claimant was not entitled to benefits, because she voluntarily left work without good cause. ORS 657.176(2)(c). We affirm.

EAB adopted the following findings of fact:

"(1) Claimant worked for Meier & Frank as a 'contingent' worker hired primarily for the Christmas Season. (2) She began working on December 13, 1991 and her final day of employment was January 4, 1992. (3) She quit this employment because she did not wish to work out the remainder of the Christmas work period.

"(4) Claimant has respiratory difficulties and has serious allergic reaction to perfume. (5) Employer was aware of this when claimant was hired and assigned claimant to work where she would not be exposed to perfume. (6) At some point during the week ending January 4, 1992, claimant telephoned her supervisor to check on her work schedule for that week. (7) During the ensuing conversation, claimant asked the supervisor how much longer she could expect to obtain work from Meier & Frank. (8) The supervisor told claimant that she could expect further work assignments until January 15, 1992 and there was a possibility that there would be additional work after that. (9) Claimant told the supervisor not to schedule her for work after January 4, 1992 because she did not believe it was worthwhile to continue her employment for such a short period of time. (10) Claimant did not report for work on January 4, 1992, her last scheduled work day. Claimant has had no contact with her employer since January 3, 1992. (11) Claimant did not tell the employer she had any problems with dust while working at the warehouse sale on January 3, 1992; had she done so, the employer could have assigned her to sales away from the dust."

EAB accepted the referee's credibility determination, agreeing with the referee that the employer's testimony was more reliable than claimant's.

Claimant argues that EAB's order denying her benefits must be remanded, because the referee did not fulfill his responsibilities to advise claimant of the applicable procedures at the hearing and to ensure that a full and fair

inquiry into all matters at issue was made. Claimant relies on the Supreme Court's decision in *Dennis v. Employment Division*, 302 Or 160, 728 P2d 12 (1986), as well as the pertinent statute, ORS 657.270(5) and agency rule, OAR 471-40-025(1), to support her contentions.

■ Claimant is correct that a referee does have an obligation to assist an unrepresented claimant. As the Supreme Court explained in *Dennis*:

"Because of the broad powers conferred upon the referee to conduct and control the hearing, the responsibility for ensuring that a full inquiry is made lies with the referee. This responsibility is especially important whenever the claimant is unrepresented by an experienced advocate at the hearing. * * * As a result of the broad powers conferred on the referee to conduct and control the hearing, the adjudication of unemployment benefits is more inquisitorial than adversarial." *Dennis v. Employment Division, supra*, 302 Or at 165. (Footnotes omitted.)

ORS 657.270(5) provides:

"Where the claimant or the employer is unrepresented at the hearing, the referee shall explain the issues involved in the hearing and the matters which the unrepresented claimant or the employer must either prove or disprove. The referee shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the referee in the case."

■ At the beginning of the hearing, the hearings officer stated:

"At issue in this proceeding is an Administrative Decision issued by the Oregon State Employment Division. That Decision granted Ms. Cansino's request for unemployment benefits based on a finding that she voluntarily left work with good cause. Good cause is defined as circumstances such that a reasonable and prudent person of ordinary sensitivity also would have left work."

When the hearing began, however, claimant was not present. The hearings officer waited 15 minutes and then began hearing testimony from the employer. He was just about to

close the hearing when claimant came into the hearing room.[1] The referee then told her that he wanted to take her testimony. He explained:

> "REFEREE: Please have a seat. Okay. Ms. Cansino, I - I've already taken your employer's testimony. What I'm gonna be doing now is - obviously, I've placed you under oath. I'm gonna be asking you some questions regarding the circumstances involved in the work separation. Following that, you'll - you'll have an opportunity to make any additional statements you may wish to make. And once your testimony is complete, then Ms. Rutz who has appeared on behalf of Meier & Frank will have a chance to question you as well. And once we've heard from you, then both parties will have an opportunity to make any concluding statements should they wish to do so. And following that, we should be ready to conclude the hearing."

The referee then proceeded to question claimant regarding her work for employer. He asked her detailed questions regarding her employment, how it ended and why she left the job. During the course of his questioning, at appropriate times, he advised her what the employer's witnesses had said in the testimony that she had not heard. At one point in the hearing, he asked one of employer's witnesses to repeat her testimony for the benefit of claimant. The referee also questioned her in some detail about her medical condition and asked her if she had some documents from her doctor that she wanted to present. During the questioning of claimant by the referee, claimant said that she was confused about why they were having a hearing. The referee then explained:

> "[I]t's because your employer believes that you did not have good cause to quit your job for purposes of those laws that regulate unemployment benefits. As you probably are aware,

---

[1]

"REFEREE: Okay. At this point then, what I'm going to do is I will note for the record that the claimant has not appeared. It does look like I'll be concluding the record and making a decision based entirely on the employer's testimony.

"[SUPERVISOR]: Okay.

"REFEREE: I just - somebody's just entered. Can - can I ask you to identify yourself, please?

"[CLAIMANT]: Yes, I'm Sally Cansino."

an employer has to pay higher taxes whenever an employee leaves a job and recovers unemployment."

We conclude that, under the circumstances here, the referee did satisfy his obligation to make a full and fair inquiry into the matters at issue in the hearing. The only possible deficiency in the referee's handling of the hearing relates to his obligation under ORS 657.270(5) to explain to claimant the issues involved in the hearing and the matters which the claimant had the responsibility to prove or disprove. Ideally, his explanation would have included more detail as to the matters that the claimant and employee must prove or disprove and it should have been presented in a less disjointed fashion to the claimant. Here, however, part of the reason for the way in which the referee presented this information was that claimant showed up late for the hearing, appearing just as it was being concluded. The referee had given a general explanation of the issues at the beginning of the hearing. Further, through his questioning of claimant, the referee did allow her to present evidence on all of the pertinent issues and, during the questioning, in answer to her comment that she was confused, he gave her a general explanation of the issues.

■    Under ORS 183.482(7), we must remand an order for further agency action if we find that "either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure." We conclude that, under these circumstances, any deficiencies in the referee's explanation of the issues to the claimant did not impair the fairness of the proceedings or the correctness of the agency action.

Claimant makes additional assignments of error which we reject without discussion.

Affirmed.