Argued and submitted January 26, reversed and remanded for reconsideration
July 7, 1999

## Sandra K. BAUERLE,
*Petitioner,*

*v.*

## EMPLOYMENT DEPARTMENT
and Employment Trends,
*Respondents.*

## (98-AB-0288; CA A101558)

984 P2d 356

Sandra A. Hansberger argued the cause for petitioner. With her on the brief was Lewis and Clark Legal Clinic.

No appearance for respondents.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

\* Deits, C. J., *vice* Warren, P. J., retired.

**EDMONDS, P. J.**

Claimant seeks review of a decision of the Employment Appeals Board (EAB) that affirmed a decision by the Hearings Section that denied her request to reopen her hearing. We review for errors of law, ORS 183.482(7) and (8)(a), and reverse and remand.

EAB found:

"(1) The Employment Department mailed a Notice of Hearing to claimant on November 5, 1997, notifying her of a telephone hearing on her claim for unemployment insurance benefits scheduled for November 13, 1997. (2) The Notice of Hearing informed claimant that if she needed the Employment Department to contact her at a number other than on the Notice of Hearing, she could provide a different number where she could be reached at the time of the hearing. (3) Claimant's six year old granddaughter died of cancer in California on November 7, 1997. (4) Claimant left Oregon on November 9, 1997, to attend her granddaughter's funeral in California on November 12, 1997. (5) Claimant did not attend the unemployment insurance benefits hearing on November 13, 1997, because she was in California. (6) Claimant returned to Oregon on November 14, 1997. (7) On November 18, 1997, the Employment Department mailed claimant a hearing decision dismissing her request for hearing for failing to appear at the November 13, 1997, hearing. (8) Claimant received the hearing decision dismissing her request for hearing. (9) Claimant filed a request to re-open the hearing on December 1, 1997."

EAB ruled:

"We are persuaded that claimant failed to promptly request that the Employment Department reopen the hearing. The Employment Department mailed claimant a hearing decision on November 18, 1997, dismissing her request for hearing for failing to appear at the November 13, 1997, hearing. Claimant did not file a request to reopen the hearing until December 1, 1997. *We assume, in the absence of any evidence to the contrary*, that claimant received the decision shortly after the Employment Department mailed it. *Claimant did not have any explanation for her delay in requesting that the Employment Department reopen the hearing. In the absence of any explanation for the delay*, we

are persuaded that claimant failed to promptly make a request that the Employment Department reopen the hearing.

"In her written argument, claimant maintains that a response by December 1, 1997, was prompt because the Employment Department requires hearing requests or applications for review to be filed within 20 days. The time frames for appeals are set forth in statute, and no similar time period is identified for reopening requests. We decline to accept claimant's proposition that 'prompt' is 20 days. Claimant also argues that she promptly requested reopening because there were only about 5 business days between when she probably received the decision dismissing her hearing request and December 1, 1997, when she requested reopening. We do not merely consider business days in determining promptness; claimant could easily have requested a re-opening by mail, and mail service operates on weekends. We do not find claimant's delay of about 10 days to be prompt.

"We are not persuaded that claimant had good cause to fail to appear at the November 13, 1997, hearing. *Claimant did not assert* that she failed to receive the notice of the hearing before she left for California, only that she could not attend the telephone hearing because she was in California. We are not persuaded that circumstances beyond claimant's reasonable control prevented her [from] attending the hearing. Claimant had the reasonable option of contacting the Employment Department and explaining that she needed to re-schedule her hearing. However, claimant did not do so. *Claimant did not assert* that the death of her granddaughter made her so distraught that she could not attend to tasks such as rescheduling appointments. In fact, claimant managed to travel to California for the funeral. We are persuaded that it was within claimant's reasonable control to try to re-schedule her unemployment insurance benefits hearing.

"Alternatively, we are persuaded that claimant could have attended the hearing by phone in California. Claimant's hearing was scheduled to be by phone. The notice of hearing informed claimant that if she needed the Employment Department to contact her at a different number, she could provide a different number where she could be reached at the time of the hearing. Again, *claimant did not*

*assert* that the death of her granddaughter made her so distraught on the morning of the hearing that she could not participate in the hearing. *Nor did claimant assert* that she had a conflicting appointment at the time of the hearing. Claimant merely asserted that she was in California at the time scheduled for the hearing. In the absence of any evidence of claimant's mental state or schedule, we will not infer that it was beyond claimant's reasonable control to appear for her unemployment insurance benefits hearing." (Emphasis added.)

Before EAB, claimant argued that "[o]verall, because the ALJ did not live up to his duty to make a fair and full inquiry into the facts and issues, especially since the claimant was unrepresented, a[n] adequate factual basis was never laid to substantiate his decision not to reopen this case." EAB ruled:

"In her written argument, claimant submitted information that was not part of the record. Claimant asserted that she did not present this information because the ALJ did not assure that there was a full and fair inquiry. We disagree. Claimant complained that, although the ALJ explained the standards, he did not give any examples to guide claimant. Although examples might have been helpful, ALJs are not required to give examples in order to ensure a full and fair inquiry. We find that the ALJ made an adequate inquiry. Claimant complained that the ALJ asked leading questions and cut claimant off when she tried to offer more information. The ALJ is entitled to control the hearing and maintain order. We are not persuaded that the ALJ engaged in any improper questioning. Claimant asserted that the ALJ did not allow her to fully explain her position about why she failed to attend the hearing and why she did not file a request to re-open the hearing prior to December 1, 1997. *However, when the ALJ asked her if she had anything more to say on this matter, claimant responded that she did not recall the events.* We are persuaded [that] claimant had a full and fair opportunity to present her case and that claimant did not show valid and substantial reasons why she failed to present her new information at the time of the hearing. OAR 471-[0]41-[0]090. Therefore, we did not consider that new information in rendering this decision."[1] (Emphasis added.)

---

[1] For the purposes of this opinion, we do not consider the additional evidence submitted by claimant.

On review, claimant raises six assignments of error: (1) EAB's fourth finding of fact is not supported by substantial evidence; (2) "EAB's conclusions that claimant could have requested a postponement of her hearing or that she could have participated in the hearing from California * * * are not supported by evidence in the record and do not rationally follow from the findings"; (3) "EAB erred as a matter of law in denying claimant's request for reopening"; (4) "[t]he referee failed to make a full and fair inquiry and failed to assist this unrepresented claimant in developing the record"; (5) "EAB erred as a matter of law in refusing to accept claimant's additional evidence, and/or refusing to remand for evidence"; and (6) "EAB's conclusion that claimant 'did not show valid and substantial reasons why she failed to present her new information at the hearing' is not supported by substantial evidence."

Because it is dispositive, we address claimant's fourth assignment of error that "[t]he referee failed to make a full and fair inquiry and failed to assist this unrepresented claimant in developing the record." Claimant relies on ORS 657.270(5). It provides, in part:

"Where the claimant or the employer is unrepresented at the hearing, the referee shall explain the issues involved in the hearing and the matters which the unrepresented claimant or the employer must either prove or disprove. The referee shall insure that the record developed at the hearing shows a full and fair inquiry into the facts necessary for consideration of all issues properly before the referee in the case."

In *Dennis v. Employment Div.*, 302 Or 160, 728 P2d 12 (1986), the court held that remand was necessary because the referee failed to inquire fully into the matters in issue.[2] The court said:

"Because of the broad powers conferred upon the referee to conduct and control the hearing, the responsibility for ensuring that a full inquiry is made lies with the referee. This responsibility is especially important whenever the

_____

[2] At the time of the hearing in *Dennis*, the legislature had not enacted ORS 657.270(5). 302 Or at 165 n 7. The referee's duty was predicated on an administrative rule. *Id.* at 165-66.

claimant is unrepresented by an experienced advocate at the hearing.

"* * * As a result of the duty to inquire and of the broad powers conferred on the referee to conduct and control the hearing, the adjudication of unemployment benefits is more inquisitorial than adversarial. If this inquisitorial system is to work, the referee must seek out all the relevant facts."[3] *Dennis*, 302 Or at 165-66 (footnotes omitted).

In *Hyde v. Employment Division*, 302 Or 171, 728 P2d 19 (1986), the court explained its holding in *Dennis*. The *Hyde* court began by quoting a description of the duty to inquire from *Dennis*:

" '[A] duty to inquire fully into the matters at issue is simply a requirement that relevant evidence does not go unpresented because of the ignorance or inexperience of a party. The necessary inquiry should be apparent from the nature of the proceedings and the evidence adduced. The referee is not required to cast aimlessly for evidence.' " 302 Or at 174 (quoting *Dennis*, 302 Or at 166).[4]

The *Hyde* court then held that "[r]eferees cannot fulfill this duty of inquiry by simply offering parties an opportunity to explain their positions. When explanations are provided, referees must seek from those offering explanation both supporting and contradictory details." 302 Or at 175.

■ In this case, ORS 657.270(5) and OAR 471-040-0040 govern when reopening is proper and what inquiries the referee must make. OAR 471-040-0040 provides, in part:

"(1) After service of a referee's decision that is subject to review by the Employment Appeals Board, a referee may reopen the case at any time if the party:

"(a) Requesting the reopening failed to appear at the hearing;

---

[3] In *Cansino v. Employment Div.*, 126 Or App 572, 869 P2d 882, *rev den* 319 Or 149 (1994), the claimant relied on *Dennis*, ORS 657.270(5), and an agency rule to support her contention that the referee had not fulfilled his duty to make a full and fair inquiry into the matters at issue. In determining whether the referee had fulfilled his statutory duty, we implicitly adopted the holding of *Dennis*.

[4] The legislature enacted ORS 657.270(5) after the claimant's hearing. *Hyde*, 302 Or at 173 n 2.

"(b) Makes, in writing to the referee promptly after gaining knowledge of the decision, a request to reopen; and

"(c) Has good cause for failing to appear at the hearing.

"(2) Good cause for the purpose of subsection (1)(c) of this rule exists when:

"* * * * *

"(b) The circumstances causing the failure to appear are beyond the reasonable control of the party."

Under the statute and the rule, the ALJ had a duty to inquire into facts that bear on the circumstances, if any, that were beyond claimant's reasonable control, that caused her failure to appear at the hearing and that relate to the promptness with which she requested reopening. Claimant was unrepresented at the hearing on the motion to reopen. Initially, the ALJ explained to claimant that she had the burden to show that her request to reopen was prompt and that there was good cause for her failure to appear. He also defined "good cause" as something beyond claimant's reasonable control that prevented her from appearing at the hearing. Thereafter, the ALJ adduced the date that claimant's granddaughter had died, the date claimant had left Portland, the date the funeral was held and the date that claimant had returned from California. In response to questioning from the ALJ, claimant indicated that she did not recall whether she had received the notice of hearing before she left for California or whether she had contacted the Employment Department about the hearing date. She said that, while she was in California, she had not attempted to contact the Department. The ALJ also questioned claimant about her attempts to contact the Department after she returned from California but before she received the decision dismissing the request for a hearing.

Then, the following exchange occurred:

"Q. Okay. Now, the Hearing Decision was mailed to you on November 18. You requested that the case be reopened on December 1. Why was there that - why was there that length of time - why was that - why that length of time before you requested reopening?

"A. I can't answer that question. I don't recall that.

"Q. Okay. Is - is there anything else you want to tell me about why you missed the hearing and why you didn't file a [r]equest to reopen before December 1?

"A. Only that my granddaughter had passed away and at this point in time I really don't recall the events of that - why it wasn't done sooner."

To determine whether there were circumstances beyond claimant's reasonable control that caused her to miss her hearing, it was necessary for the ALJ to inquire into claimant's circumstances between November 7 and November 13. Those circumstances include claimant's mental and physical state resulting from the death of her granddaughter as well as the events that occurred within that time period. The record indicates that the ALJ inquired only about the date of the funeral, the date claimant left Portland and whether claimant attempted to contact the Employment Department. That limited inquiry procured little information about the circumstances and events between November 7 and November 13 that could have impeded claimant's ability to attend to matters involving the hearing. Under OAR 471-040-0040(2)(b), the relevant inquiry was whether circumstances beyond claimant's reasonable control caused her failure to appear. Although EAB explored in the abstract all of the measures that claimant could have taken to seek a postponement of the hearing or obtain a hearing by telephone, the ALJ did not undertake to elicit responses from claimant on those subjects. For example, EAB indicated that "[c]laimant did not assert that the death of her granddaughter made her so distraught that she could not attend to tasks such as rescheduling appointments" in concluding that claimant did not have good cause for failing to appear at the hearing. However, ORS 657.270(5) required the ALJ to inquire fully into the circumstances surrounding her failure to appear. He did not fulfill that duty by merely offering claimant the opportunity to explain her circumstances. *Hyde*, 302 Or at 175. Thus, the record that EAB had before it was impaired by the ALJ's failure to comply with the statute.

■ Additionally, claimant's circumstances and physical and mental state after she received the decision dismissing

her request for hearing that was mailed on November 18 are relevant subjects when determining whether her December 1 request to reopen was "prompt" as required by OAR 471-040-0040(1)(b). EAB indicated that "[c]laimant did not have any explanation for her delay in requesting that the Employment Department reopen the hearing." EAB's opinion appears to rule against claimant because she did not offer any explanations for the approximate 10-day delay. Again, ORS 657.270(5) and OAR 471-040-0040(1)(b) required the ALJ to inquire about claimant's circumstances between the date that she received the decision and December 1, because those factors bear on the promptness of her request. In the absence of that kind of inquiry, the Board did not have before it a legally sufficient record on which to determine whether her request to reopen was prompt.

ORS 183.482(7) provides, in pertinent part:

"The court shall remand the order for further agency action if it finds that either the fairness of the proceedings or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure."

We conclude that, under the circumstances of this case, the ALJ's failure to fulfill his statutory duty under ORS 657.270(5) to inquire as to the circumstances that caused claimant's failure to appear and as to factors bearing on the promptness of her request to reopen may have impaired the fairness of the proceedings. It follows that remand is required under ORS 183.482(7).

Because of our disposition of this case, we do not address claimant's other assignments of error.

Reversed and remanded for reconsideration.