Submitted on record and briefs March 3, affirmed July 12, petitioner's petition for reconsideration filed July 12 allowed by opinion September 27, 2006
See 208 Or App 267, 144 P3d 981 (2006)

PHILLIP GUY DEMEYER,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

A128247

139 P3d 969

Phillip G. Demeyer filed the brief *pro se.*

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Judy C. Lucas, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Linder and Wollheim, Judges.

LINDER, J.

## LINDER, J.

The Board of Parole and Post-Prison Supervision (board) deferred petitioner's release on parole under ORS 144.125(3) after finding that he has a present severe emotional disturbance constituting a danger to the health or safety of the community. The board's finding was based on a board-ordered psychological evaluation. We write to address petitioner's argument that the board erred by considering the psychological evaluation because it was not filed within 60 days of the date on which petitioner was examined.[1] We affirm.

ORS 144.125(3)(a) provides:

"If the board finds the prisoner has a present severe emotional disturbance such as to constitute a danger to the health or safety of the community, the board may order the postponement of the scheduled parole release until a specified future date."

To aid the board in making that determination, ORS 144.223(1) authorizes the board to "require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole." Under subsection (2) of the same statute, the examining psychiatrist or psychologist who prepares an evaluation at the board's request must file a written report with the board "[w]ithin 60 days after the examination."[2]

In this case, at the board's request, Dr. McGuffin performed a psychological evaluation of petitioner on November 3, 2003, that included diagnostic testing, a clinical interview

---

[1] We reject petitioner's other assignments of error without discussion.

[2] ORS 144.223 provides:

"(1) The State Board of Parole and Post-Prison Supervision may require any prisoner being considered for parole to be examined by a psychiatrist or psychologist before being released on parole.

"(2) Within 60 days after the examination, the examining psychiatrist or psychologist shall file a written report of the findings and conclusions of the psychiatrist or psychologist relative to the examination with the chairperson of the State Board of Parole and Post-Prison Supervision. A certified copy of the report shall be sent to the convicted person, to the attorney of the convicted person and to the executive officer of the Department of Corrections institution in which the convicted person is confined."

of petitioner, and a review of petitioner's criminal files. Based on his evaluation, McGuffin diagnosed petitioner with "mixed personality disorder with aggressive and narcissistic personality features." He also concluded that petitioner probably could not be successfully supervised if returned to the community and that petitioner has "a severe emotional disturbance such as to constitute [a] danger to the health or safety of the community." McGuffin filed his evaluation with the board. Based on the date stamp on the report, McGuffin's evaluation was received by the board on January 26, 2004, which was more than 60 days after McGuffin performed the evaluation of petitioner. The board relied solely on McGuffin's report in deferring petitioner's parole release date. Petitioner requested administrative review of the board's decision to defer his parole release date. Among other issues, petitioner argued that McGuffin's report was invalid and that the board could not consider it. The board rejected petitioner's position, concluded that petitioner was not prejudiced by the late filing of McGuffin's report, and adhered to its decision to defer petitioner's release date.

On review of the board's order, petitioner renews his argument that McGuffin's report was invalid and could not be considered by the board because it was filed more than 60 days after the date of the evaluation, contrary to ORS 144.223(2). We agree with the state, however, that the statute does not require as a remedy that the report be rejected and petitioner be released on parole.

Our decision in *Guzman v. Board of Parole*, 200 Or App 448, 115 P3d 983 (2005), *rev den*, 340 Or 34 (2006), is analogous and highly instructive. In *Guzman*, the board failed to hold the petitioner's parole consideration hearing within the time period mandated by ORS 144.228(1)(b) (1987) (requiring parole consideration hearings to be held at intervals of 24 months). The petitioner argued that the board had no authority to hold a hearing beyond that time period and that, as a result, the board was legally obligated to release the petitioner on parole. In rejecting the petitioner's position, we observed that the question of the remedy for a violation of the time period in the statute posed an issue of

legislative intent. 200 Or App at 456. The statute did not provide for any remedy, and we were unwilling to "write a provision into the statute that would mandate that [the] petitioner be released on parole because of the board's violation of the time requirements." *Id.* We noted also that the petitioner had other remedies—such as pursuing a mandamus petition to require the board to hold a hearing—and that the petitioner could not point to any prejudice caused by the delay in holding the hearing.

A parallel analysis applies here. The legislature specified that a psychiatrist's or psychologist's report should be filed with the board within 60 days of the date of a prisoner's examination. The legislature did not, however, provide any remedy for the late filing of a report. In particular, the statute does not provide that a report filed after the 60-day time period is invalid and cannot be considered.[3] A prisoner who suffers prejudice from the late filing of a report can assert that prejudice before the board. For example, if the report is stale, the prisoner can challenge the reliability of the report and argue that it does not provide substantial evidence that the prisoner has a present severe emotional disturbance. The board could also order a reevaluation to be performed in the case of a stale report. In this case, however, petitioner has not identified any prejudice that he has suffered as a result of the late filing of McGuffin's report.

For those reasons, we conclude that the late filing of McGuffin's report with the board does not require a reversal of the board's order.

Affirmed.

---

[3] If anything, another statute, ORS 144.125(1), contains a contrary suggestion. It provides that, to accommodate the board's review, the Department of Corrections shall provide the board with "*any* psychiatric or psychological reports" in the department's possession. (Emphasis added.)