On petitioner's petition for reconsideration filed July 12, reconsideration allowed; former opinion (206 Or App 740, 139 P3d 969) adhered to as clarified September 27, 2006

**PHILLIP GUY DEMEYER,**
*Petitioner,*

*v.*

**BOARD OF PAROLE
AND POST-PRISON SUPERVISION,**
*Respondent.*

A128247

144 P3d 981

Phillip G. Demeyer, *pro se*, for petition.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge, and Linder, Judge.

LINDER, J.

**LINDER, J.**

Petitioner seeks reconsideration of our opinion in *Demeyer v. Board of Parole*, 206 Or App 740, 139 P3d 969 (2006). We allow reconsideration and adhere to our former opinion.

■ In our former opinion, we rejected petitioner's argument that a psychological evaluation of petitioner performed by Dr. McGuffin was *per se* invalid and could not be considered by the Board of Parole and Post-Prison Supervision because it was filed more than 60 days after the date of the evaluation, contrary to ORS 144.223(2). We further observed that the result might be different if the delay in filing the report prejudiced petitioner:

> "A prisoner who suffers prejudice from the late filing of a report can assert that prejudice before the board. For example, if the report is stale, the prisoner can challenge the reliability of the report and argue that it does not provide substantial evidence that the prisoner has a present severe emotional disturbance. The board could also order a reevaluation to be performed in the case of a stale report. In this case, however, petitioner has not identified any prejudice that he has suffered as a result of the late filing of McGuffin's report."

*Demeyer*, 206 Or App at 744. Relying on that portion of our opinion, petitioner argues that he asserted a "claim of prejudice," both to the board and to this court in his brief, and that we incorrectly disregarded his assertion.

Contrary to petitioner's position, he did not adequately claim and establish prejudice from the late filing of McGuffin's report. On appeal to the board, petitioner relied on the statutory time frame for filing the report and argued that the legislature imposed that time frame "for a reason." By way of a footnote, petitioner urged that "[o]ne such reason could well have been to ensure that the report * * * was a current (or present) and accurate representation of the inmate from the date of the evaluation." Petitioner asserted that he was prejudiced by the board's consideration of the report because, without it in the record, the board could not defer his parole release date. Thus, petitioner did not argue that

McGuffin's report was in fact stale and inaccurate; he argued only that it should be presumed to be so, based on what he viewed to be the inherent policy underlying the statute. In rejecting petitioner's argument that the report should be disregarded because it was filed late, the board specifically observed that petitioner had to demonstrate that he was prejudiced by the late filing of McGuffin's report and that he had not done so: "There is nothing in your request to indicate how you were harmed by this action on the part of the psychologist."

On review to this court, petitioner assigned error in general terms to the board's reliance on McGuffin's report. The gist of his argument was that the statutory time frame was mandatory and that McGuffin's report, which had been filed beyond that time frame, therefore had to be disregarded. Petitioner further asserted that, even if he had to show prejudice, he had done so because the report was "possibly stale," and he was harmed by admission of the report because, without it, the board could not defer his release date. Petitioner did not challenge the board's conclusion that he did not claim or demonstrate actual prejudice in the form of a report that was in fact stale and in fact inaccurate or unreliable.

■     On reconsideration, we adhere to our former opinion, but we write to clarify the nature of the prejudice an inmate must show when a psychological report is filed beyond the time frame in ORS 144.223(2). To establish the requisite prejudice, an inmate must satisfactorily show that the report is unreliable due to the delay in filing it. It is not enough for the inmate to assert that the late report is presumptively or "possibly" stale. Nor is it enough for an inmate to assert harm only because the report was considered by the board. We therefore agree with the board, as we did in our former opinion, that petitioner has not identified or established any cognizable actual prejudice or harm that resulted from the late filing of McGuffin's report. *Demeyer*, 206 Or App at 744.

Reconsideration allowed; former opinion adhered to as clarified.