Argued and submitted August 13, 2009, affirmed January 6, 2010

Patrick A. GLEASON,
*Petitioner,*

*v.*

OREGON RACING COMMISSION,
*Respondent.*

Oregon Racing Commission
128934; A136562

225 P3d 123

Kathryn M. Pratt argued the cause for petitioner. On the briefs were Scott P. Monfils and Hitt Hiller Monfils Williams LLP.

Carolyn Alexander, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner seeks review of a final order of the Oregon Racing Commission revoking his owner and trainer license. ORS 462.020. He raises a number of assignments of error, among them that the commission failed to hold a hearing within 90 days of his request for hearing made in response to the commission's proposed notice of license revocation, as required by the commission's administrative rule, OAR 462-130-0050(5). We affirm, writing only to address petitioner's arguments concerning the timing of the hearing.

The commission is responsible for the regulation and licensing of all race meets held in the State of Oregon, including the licensing of trainers, owners, and any other person participating in a race meet. ORS 462.020. The commission is required to appoint a board of stewards for each race meet. ORS 462.250(5). The board of stewards

> "shall, under the supervision and direction of the commission, enforce the provisions of [ORS chapter 462], the rules and regulations of the commission and the customs of the course at the race meet for which it is appointed, and in such enforcement may exercise such power and authority of the commission as the commission may by regulation prescribe."

ORS 462.250(5)(b). The board of stewards is authorized to hold hearings and to impose sanctions for any violation of the laws and rules of racing. ORS 462.405(1). A person adversely affected by an order of the board of stewards may request a hearing before the commission, to be heard by an administrative law judge from the Office of Administrative Hearings. ORS 463.405(4). By administrative rule adopted by the commission, "[a]ppeals to the commission shall be heard within 90 days from the date the appeal request is received in the commission's main office." OAR 462-130-0050(5).

Petitioner was licensed by the commission in 2004 to train and own race horses. In 2006, the commission received a complaint about petitioner and conducted an investigation. An investigator determined that petitioner may have violated ORS 462.020(5) and OAR 462-130-

0010(1).[1] As a result of the investigator's determination, the board of stewards issued a notice to petitioner to appear at a hearing before the board to address the alleged violations. After a hearing, the board issued an order on May 26, 2006, finding that petitioner had violated OAR 462-130-0010(1). The board suspended petitioner's license for one year from the date of the order and recommended to the commission that petitioner's license be revoked.

On May 26, 2006, petitioner appealed the board's order to the commission. On August 31, 2006, the commission issued a notice of proposed revocation of petitioner's license. On September 20, 2006—117 days after petitioner appealed the May 26 order—the commission held a hearing relating to the suspension and proposed revocation. The commission determined in its final order that petitioner had violated OAR 462-130-0010(1) by knowingly submitting false and misleading information on his application for a license, and it revoked petitioner's license for two years, including the period of suspension previously imposed by the board of stewards.

On review, petitioner asserts that the board's failure to hold a hearing within 90 days of petitioner's appeal of the board of stewards' order violated OAR 462-130-0050(5) and requires a reversal of the order and a remand for a new hearing. The commission acknowledges that it failed to hold a hearing within the time required by the rule. It asserts, however, that the failure to hold a timely hearing was a mere technical violation that, in the absence of a showing of prejudice, does not warrant a reversal of the agency's order or a remand.

---

[1] ORS 462.020(5) states:

"Each person holding a license under this chapter shall comply with all rules and orders of the commission."

OAR 462-130-0010(1)(r) provides that no person or licensee shall:

"Submit or knowingly allow to be submitted to the commission, commission personnel, racing secretary or any racing animal registry, any report or document or application which contains false or misleading information."

In this case, the investigator determined that petitioner had submitted false or misleading information about his prior, rather extensive, criminal record and his Social Security number.

The commission is correct that, in the absence of some consequence specified in the administrative rule for the failure to hold a hearing within 90 days, we are not authorized to impose one. In *Guzman v. Board of Parole*, 200 Or App 448, 455, 115 P3d 983 (2005), *rev den*, 340 Or 34 (2006), the petitioner contended that the board of parole had failed to hold a parole consideration hearing within the time required by the statute and administrative rule, and that, as a consequence, the board's order was invalid. The board conceded that the hearing had not been held within the time required by law, but contended that it had substantially complied with the time deadline. Further, the board asserted, the petitioner had suffered no prejudice as a result of the delayed hearing date.

In rejecting the petitioner's contention that the untimeliness of the hearing required a reversal of the board's order, we said:

> "The remedy for a violation of the time requirements is an issue of legislative intent. We are unwilling to write a provision into the statute that would mandate that petitioner be released on parole because of the board's violation of the time requirements. *See* ORS 174.010 (the office of the court is simply to declare what is in a statute, not insert what has been omitted). Rather, it appears that the legislature had other remedies in mind. For instance, petitioner could have compelled the board to act by writ of mandamus. ORS 34.110; *see also Valleur v. McGee*, 42 Or App 391, 600 P2d 914 (1979) (where Psychiatric Security Review Board failed to carry out its statutory duty to hold a hearing to review defendant's commitment to state hospital, petitioner was not entitled to be discharged; the remedy was to compel performance of the board's obligation by writ of mandamus). Moreover, petitioner does not argue that he suffered prejudice as a result of the delay. For the above reasons, we conclude that the procedural delay does not require a reversal of the board's order."

200 Or App at 456; *accord Demeyer v. Board of Parole*, 206 Or App 740, 744, 139 P3d 969, *adh'd to as modified on recons*, 208 Or App 267, 144 P3d 981 (2006) (untimely filing of board-ordered psychological evaluation of prisoner did not preclude board from considering evaluation or require release of prisoner in absence of such remedies in relevant statutes).

A similar analysis applies here. In the absence of a consequence stated in OAR 462-130-0050(5) for the commission's failure to conduct a hearing within 90 days of petitioner's appeal, there is no basis for imposing one.[2] Additionally, in the absence of a showing that the delay compromised petitioner's ability to have a fair hearing, we conclude that the procedural deficiency does not require a reversal of the commission's order. *See Cansino v. Employment Div.*, 126 Or App 572, 577, 869 P2d 882, *rev den*, 319 Or 149 (1994) (procedural deficiency in conduct of hearing does not require reversal unless deficiency impaired fairness of proceeding or correctness of agency action); *see also* ORS 183.482(7) (remand required for further agency action if "either the fairness of the proceeding or the correctness of the action may have been impaired by a material error in procedure or a failure to follow prescribed procedure").

Petitioner raises a number of other substantive and procedural challenges to the commission's order that we have considered and reject without discussion.

Affirmed.

---

[2] We note that, under OAR 462-130-0060, the commission is authorized to initiate a hearing on its own motion or upon referral from the board of stewards.